UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
ROBERT BAREFOOT, et al,          :
                                        :
                                        :
     Plaintiffs,            :        Civil Action No. 06-2942 (JAP)
                                        :
          v.                  :        **OPINION**
                                        :
WELLNESS PUBLISHING, et al.      :
                                        :
                                        :
     Defendants.            :
_____:

On November 17, 2009, the Court entered an Opinion and Order with respect to several summary judgment motions filed by the parties. As to Plaintiff's summary judgment motion, the Court dismissed Defendant's counterclaim for unjust enrichment and granted Plaintiff's motion in part with respect to the breach of contract claim. As to Defendants' motion, the Court denied Defendants' motion regarding liability for sale of Barefoot Coral Calcium Plus and regarding damages. Additionally, Defendants' motion for summary judgment regarding liability of Stephen Holt individually and Wellness Publishing was granted and the claims against Holt and Wellness Publishing were dismissed. Plaintiff now moves the Court for reconsideration of the Court's grant of summary judgment in favor of Holt.

Motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for

reconsideration. *North River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted). Therefore, the standard for reconsideration is exacting, and is granted only sparingly. *See Thompson v. Lappin*, No. 07-2694, 2008 WL 4661614, at *2 (D.N.J. Oct. 20, 2008) (further holding that, "a difference of opinion with the court's decision should be dealt with through the normal appellate process") (citations omitted). It should be noted, however, that when ruling on a motion for reconsideration, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." *Klee v. Lehigh Valley Hosp.*, 1998 WL 966011, at *2 (E.D. Pa. Nov. 30, 1998), *aff'd*, 203 F.3d 817 (3d Cir. 1994).

      The thrust of Plaintiff's argument on this motion is that the Court "overlooked" the fact that Holt was allegedly bound to every obligation set forth in the Mutual Release and Settlement Agreement ("Agreement") that is at the center of this dispute. As an initial matter, Plaintiff is merely reasserting an argument that he raised previously and that was

reconsideration. *North River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted). Therefore, the standard for reconsideration is exacting, and is granted only sparingly. *See Thompson v. Lappin*, No. 07-2694, 2008 WL 4661614, at *2 (D.N.J. Oct. 20, 2008) (further holding that, "a difference of opinion with the court's decision should be dealt with through the normal appellate process") (citations omitted). It should be noted, however, that when ruling on a motion for reconsideration, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." *Klee v. Lehigh Valley Hosp.*, 1998 WL 966011, at *2 (E.D. Pa. Nov. 30, 1998), *aff'd*, 203 F.3d 817 (3d Cir. 1994).

    The thrust of Plaintiff's argument on this motion is that the Court "overlooked" the fact that Holt was allegedly bound to every obligation set forth in the Mutual Release and Settlement Agreement ("Agreement") that is at the center of this dispute. As an initial matter, Plaintiff is merely reasserting an argument that he raised previously and that was

rejected by the Court.  "Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J.1 996).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  *Tishcio v. Bontex, Inc.*, 16 F.Supp.2d 511, 533 (D.N.J.1998) (citation omitted).  Plaintiff's motion for reconsideration may be denied on that basis alone.

      Moreover, Plaintiff's arguments fail on the merits.  Plaintiff continues to argue that Holt is "personally obligated to perform all of [the] terms [of the Agreement]."  Pl. Br. at 3. The Agreement is between Barefoot "and his corporations Deonna Enterprises and Karbo Enterprises" on the one hand and Holt "and all of his corporations and affiliates including Natures Benefit Inc., Wellness Publishing, Holt MD Consulting Inc., Bio Quench and its predecessor corporation Bio Therapies Inc., and other entities in which [Holt] may be involved in the sale of coral calcium and books on the subject of coral calcium" on the other hand.  Agreement at 1.  Each of these parties are distinct legal entities, and each of these business entities were signatories to the Agreement.  *See* Agreement at 4. (execution by Holt "on behalf of himself and his corporations referred to in this settlement").  Therefore, each entity has obligations and rights that arise under the Agreement.  Plaintiff errs in conflating Holt with all of the business entities which Holt may own or control.  Plaintiff simply has not established that there is any reading of the Agreement pursuant to which Holt would be personally liable for the obligations of the other entities to the Agreement.

3

Consequently, Plaintiff's motion for reconsideration shall be denied. An appropriate Order accompanies this Opinion.

                                                /s/ JOEL A. PISANO
                                                United States District Judge

Dated:   March 8, 2010